# DECISIONS IN CIVIL CAUSES.

## TYLER TERM, 1889.

TEXAS & PACIFIC R'Y CO. v. R. B. CUTEMAN.

(No. 3088.)

APPEAL from Wood County. Opinion by WILLSON, J.

WHITTAKER & BONNER, counsel for appellant.

H. M. CATES, counsel for appellee.

§ **1.** *Bill of lading; statutory requirements in regard to; "car-load" of lumber not a sufficient statement of quantity.* Cuteman recovered a judgment in the county court against the Texas & Pacific Railway Company, under article 280 of the Revised Statutes, for $300, for a failure and refusal by said company to give him a proper bill of lading or memorandum in writing of certain lumber shipped by Cuteman on said company's railway, upon demand made therefor by said Cuteman. Said article of the statute provides that "common carriers are required, when they receive goods for transportation, to give to the shipper, when it is demanded, a bill of lading or memorandum in writing stating the quantity, character, order and condition of the goods," etc. And it is further provided that, in case of a refusal to execute and deliver such a bill of lading or memorandum, the carrier shall

be liable to a penalty of not less than $5 nor more than $500. In this case the evidence shows that the company executed and delivered to Cuteman a bill of lading for the lumber shipped, describing it as a "car-load," but giving no other description of its quantity. Cuteman demanded a bill of lading stating the weight of the lumber, and the company refused to give such a bill.

It is shown by the evidence that a car-load of lumber is an indefinite quantity. The only question in the case is, Did the company refuse to give such a bill of lading or memorandum in writing of the lumber shipped as is required by the statute or as was demanded by Cuteman? We are of the opinion that it did so refuse. It gave no description by which the quantity of the lumber could be known or ascertained with certainty. "Quantity" is that which answers the question, "How much?" It is the attribute of being so much, and not more or less. [Webst. Dict., "Quantity."] In the case of lumber, quantity might be ascertained with certainty by measurement or by weight. Freight charges by railroads are regulated by weight, and the proper way to ascertain the quantity of lumber to be transported would be to weigh it, and this should be done and the weight stated in the bill of lading. Article 280 of the Revised Statutes was enacted for the protection of shippers from loss of goods and from overcharge of freight. If a bill of lading, such as was given the shipper in this case, were held to be a compliance with the statute, the protection intended would not be afforded, for such a bill furnishes no *data* from which could be determined the quantity of lumber shipped. It could not be determined from such a bill whether the amount of freight charged was legal or illegal, and in case of loss it could not be determined from the bill how much lumber the carrier had received. We are of the opinion that there is no error in the judgment.

October 16, 1889.                    Affirmed.